IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| WILLIAM WALKER, M.D., | § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 2:16-cv-1103 |
| EMERGENCY STAFFING SOLUTIONS, INC., | | |
| Defendant. | | |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant Emergency Staffing Solutions, Inc. ("Defendant" or "ESS") files this Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (the "Motion") in the U.S. District Court of New Mexico. This Motion is being made pursuant to Federal Rule of Civil Procedure 12 and ESS would respectfully show the Court as follows:

**I.
INTRODUCTION**

1.	On September 2, 2016, Plaintiff William Walker ("Plaintiff'") initiated a state court action against ESS in the Seventh Judicial District Court of Sierra County, New Mexico, Cause No. D-721-CV-2016-00074 (the "State Action"). The complaint filed in the State Action (the "Complaint") purports to state claims for breach of contract, violation of the Unfair Trade Practices Act, Quantum Meruit, and Unjust Enrichment.[1]

---

[1] *See* Plaintiff's Complaint, Doc. No. 1-1.

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED – Page 1**

2. On October 5, 2016, ESS removed the State Action to this Court, citing diversity of citizenship and stating that the amount in controversy satisfies 28 U.S.C. 1332(a).[2]

3. The Complaint fails in three significant respects: (i) the Complaint fails satisfy the particularized pleading threshold required for the special damages it seeks against ESS; (ii) the Complaint fails to satisfy the heightened pleading requirement for its allegations of fraud which must be pleaded with particularity; and (iii) the Complaint fails to allege facts sufficient to state a claim under the New Mexico Unfair Trade Practices Act for which relief can be granted.

4. Accordingly, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) Plaintiff's claims against ESS should be dismissed.

## II.
## LEGAL STANDARD

**A.    Rule 12(b)(6)**

5. In ruling on an FRCP 12(b)(6) motion, the trial court does not decide disputed fact issues. Rather, the trial court assumes all material facts contained within the complaint as true. *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 633 (1999). The trial court should dismiss Plaintiff's claims if it determines, based on the facts and allegations contained within the complaint, that Plaintiff cannot prove the facts necessary to support the claim for relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Conclusory legal allegations and inferences not supported by the facts are insufficient to defeat a Rule 12(b)(6) motion. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987

---

[2] *See* Defendant's Notice of Removal, Doc. No. 1.

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** – Page 2

F.2d 278, 284 (5th Cir. 1993). Further, the trial court cannot assume that Plaintiff can prove facts that they have not alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996).

## III.
## ARGUMENTS AND AUTHORITIES

**A.  Plaintiff's Claims for Punitive and Exemplary Damages Fail to Meet the Particularized Pleading Requirement.**

6. The Complaint asserts that Plaintiff is entitled to recover special damages.[3] The Complaint, however, wholly fails to meet the required pleading requirements under FRCP 9(g). It is well-established that a plaintiff must satisfy a heightened requirement by pleading some matters specifically, such as special damages – including punitive and exemplary damages. *See* FED. R. CIV. P. 9(g); *see also Carnell Constr. Corp. v. Danville Redev. & Hous. Auth.*, 745 F.3d 703, 725 (4th Cir. 2014); *see also Avitia v. Metropolitan Club*, 49 F.3d 1219, 1226 (7th Cir. 1995). The plaintiff must specifically request punitive damages—for causes of action that allows them—and allege specific facts to show that it is entitled to punitive damages. *See* FED. R. OF CIV. P. 9(g); *see, e.g., New York Mar. & Gen. Ins. V. Tradeline*, 266 F.3d 112, 130 (2d Cir. 2001).

7. At best, the Complaint makes vague and conclusory statements referencing its entitlement to special or punitive damages. Despite such allegations, Plaintiff fails to offer sufficient factual allegations to support an entitlement to punitive damages or to specifically plead or categorize such punitive damages. In addition, Plaintiff fails to state allegations of fact in support of its conclusory assertion the conduct complained of was malicious, reckless, wanton, oppressive, or fraudulent.[4]

---

[3] *See* Plaintiff's Complaint at ¶¶ 44 and the prayer for relief.
[4] *See* Plaintiff's Complaint at ¶ 38.

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED – Page 3**

8. ESS respectfully requests that the Court dismiss all requests for special or punitive damages. Alternatively, ESS requests that the Court order that Plaintiff amend its complaint to assert facts sufficient to support a claim for special or punitive damages.

**B.     Plaintiff's Allegations of Fraudulent Conduct Fails to Meet the Heightened Pleading Requirement.**

9. The Complaint contains conclusory allegations of fraud.[5] Plaintiff fails to allege facts in support of such allegations as specifically required under FRCP 9(b). *See Fed. R. of Civ. P. 9(b).* Allegations of fraud must be plead with particularity. *See Id.; see, e.g., Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir.), cert. denied, 522 U.S. 966 (1997). Rule 9(b) is construed strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 117-78.

10. The Complaint is devoid of any context or factual allegations to state with particularity the statements of ESS that Plaintiff contends to be fraudulent, the identity of the speaker, when and where the statements were made, or why the statements were fraudulent.[6] What scarce statements are pleaded are merely conclusions, and they are not entitled to an assumption of truth and should be disregarded. *Ashcroft v. Igbal*, 556 U.S. 662, 679 (U.S. 2009).

11. ESS respectfully requests that the Court dismiss all requests for relief and claims premised upon Plaintiff's conclusory allegations of fraud, including Plaintiff's request for special or punitive damages and Plaintiff's claim for violation of the Unfair Trade Practices Act.

---

[5] *Id.*
[6] *See* Plaintiff's Complaint at ¶¶ 38, 40, 42 and 53.

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED – Page 4**

Alternatively, ESS requests that the Court order that Plaintiff amend its complaint to assert facts sufficient to support its assertions of fraud.

**C.     Plaintiff Fails to State a Claim Upon Which Relief can be Granted Under the Unfair Trade Practices Act of New Mexico.**

12.     The Complaint alleges that ESS knowingly made false or misleading representations to Plaintiff in connection with the "sale or lease of services" that violated the New Mexico Unfair Trade Practices Act.[7] Even if Plaintiff's factual allegations are assumed to be true, they do not show a right to relief that is more than mere speculation. *Twombly*, 550 U.S. at 555.

13.     Under the New Mexico Unfair Trade Practices Act, four elements must be established:

> (1) a false or misleading statement or representation; (2) such statement was knowingly made in connection with **the sale, lease, rental or loan of goods or services** or in the extension of credit or collection of debts; (3) the conduct complained of occurred in the regular course of the representer's trade or commerce; and (4) the representation must have been of the type that might tend to or did mislead or deceive a person.

*Ashlock v. Sunwest Bank, N.A.*, 1988-NMSC-026, 107 N.M. 100, 753 P.2d 346, (N.M. 1988), *overruled on other grounds by*, *Gonzales v. Surgidev Corp.*, 1995-NMSC-036, 120 N.M. 133, 899 P.2d 576 (N.M. 1995).

14.     For a defendant's conduct to constitute an "unfair or deceptive trade practice" with respect to a sale, lease, or rental, the transaction must involve "goods or services." N.M. STAT. ANN. §§ 57-12-2(D) (West 2016); *see, e.g., Kysar v. Amoco Prod. Co.*, 379 F.3d 1150, 1157 (10th Cir. 2004) (applying New Mexico state law). To define "goods" and "services," courts interpreting this statute give the statutory language its ordinary and plain meaning. *McElhannon v. Ford*, 2003-

---

[7] See Plaintiff's Complaint at ¶¶ 39 and 44.

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED – Page 5**

NMCA-091, 134 N.M. 124, 73 P.3d 827, 832 (N.M. Ct. App. 2003).  Under the New Mexico Unfair Trade Practices Act, "the word 'goods' 'is generally understood to mean personal estate as distinguished from realty" … "word 'services' is generally understood to mean work done by one person at the request of another." *Id*.  Courts interpreting the New Mexico Unfair Trade Practices Act refuse to apply any meaning other than the ordinary meaning of goods and services. *Id*.

15. Examining the statute's plain language clearly demonstrates that entering into an employment or independent contractor agreement—such as the case here—does ***not*** equate to the "sale" or "lease" of "goods" or "services."  No aspect of the transactions and interactions between Plaintiff and ESS can be reasonably observed as a sale or lease of goods or services.

16. Nowhere in Plaintiff's State Action petition does Plaintiff provide any factual allegations that meet any of the necessary elements supporting a claim for relief under the New Mexico Unfair Trade Practices Act.  Even if the Court was to assume the facts as pleaded by Plaintiff, Plaintiff has not stated a claim under this statute for which relief can be granted.

17. ESS respectfully requests that the Court dismiss Plaintiff's claim for violation of the Unfair Trade Practices Act because Plaintiff cannot state factual allegations sufficient to support such a claim.

### III.
### REQUEST FOR RELIEF

WHEREFORE PREMISIS CONSIDERED, ESS respectfully requests that this Court grant its Motion to Dismiss Plaintiff's claims.

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** – Page 6

Respectfully submitted,

_/s/ John M. Hafen_____
John M. Hafen
Texas State Bar No. 24057879
jmh@hanshawkennedy.com
David R. Wortham, Jr.
Texas State Bar No. 24093392
drw@hanshawkennedy.com

**HANSHAW KENNEDY, LLP**
1415 Legacy Drive, Suite 350
Frisco, Texas 75034
Telephone: (972) 731-6500
Telecopier: (972) 731-6555

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 11, 2016 all counsel of record were served with a copy of the foregoing Motion to Dismiss by the Court's CM/ECF system per Federal Rule of Civil Procedure 5 and Local Rule 5.1

/s/ John M. Hafen_____

## CERTIFICATE OF CONFERENCE (LOCAL RULE 7.1)

Counsel for movant and counsel for respondent conferred by telephone on October 11, 2016, to determine in good faith whether the parties could reach an agreement as to the relief sought in the Motion to Dismiss. It was determined that the Motion to Dismiss is opposed by Plaintiff.

/s/ John M. Hafen_____