# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| WILLIAM WALKER, M.D., | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:16-cv-1103 SMV/GBW |
| EMERGENCY STAFFING SOLUTIONS, INC. | § § § | |
| Defendant. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Dr. Walker requests that this Court deny Defendant's motion to dismiss on the grounds that Dr. Walker has pled with sufficient particularity his claims and damages, and Dr. Walker has stated more than enough facts demonstrating that his claim is plausible.

### Background

Defendant provides hospitals with emergency physicians to staff the hospitals' emergency rooms. In furtherance of its sale of services, Defendant contracted with Plaintiff, Dr. Walker, who is an emergency physician, to work in the emergency room at Sierra Vista Hospital in Truth or Consequences, New Mexico. The contract between Dr. Walker and Defendant allowed Defendant to offset what it paid Dr. Walker by amounts lost for Dr. Walker's failure to complete paperwork. It did not allow Defendant to withhold 100% of Dr. Walker's compensation. In January, 2016, when Dr. Walker was unable to work another shift for which Defendant needed coverage, Defendant terminated Dr. Walker's contract out of spite. Although Defendant issued a check to Dr. Walker for his services performed in December, 2105, it stopped payment on that check. Defendant then refused to pay Dr. Walker his compensation through his

termination, claiming that it had a right to withhold all compensation because Dr. Walker had not completed all required paperwork at the hospital. Dr. Walker completed all paperwork Defendant sent to him for completion and agreed to complete any other paperwork. Defendant had no other paperwork to send to Dr. Walker for completion, but maintained its stance of not paying Dr. Walker for failure to complete paperwork. Dr. Walker filed this suit in the Seventh Judicial District of New Mexico, and Defendant removed the case to this Court.

### A. Dr. Walker pled his request for punitive damages with particularity.

Claims for special damages must be specifically stated. Fed. R. Civ. P. 9(g). Special damages are those damages that do not naturally flow from the type of claim asserted. *Carnell Constr. Corp. v. Danville Redev. & Hous. Auth.*, 745 F. 3d 703, 725 (4th Cir. 2014); *Avita v. Metropolitan Club*, 49 F.3d 1219, 1226 (7th Cir. 1995). First, it is unclear whether punitive damages are special damages:

> Some bankruptcy courts have found that punitive damages are not special damages and need not be so pled. *See Gold In Grain, Inc. v. Johnson State Bank (In re Gold In Grain, Inc.)*, 2004 Bankr. LEXIS 1452, 2004 WL 2999140 *2 (Bankr. D. Kan.) (stating that in the district of Kansas, punitive damages are special damages); contra *Schwartz v. Kursman (In re Harry Levin, Inc.)*, 175 B.R. 560 (Bankr. E.D. Penn. 1994) (finding that under Rule 7009, punitive damages are not special damages and need not be so stated).

*Tanner v. Barber (In re Barber)*, 326 B.R. 463, n7 (B.A.P. 10th Cir. 2005). The court in *Tanner* declined to make the determination. *Id.* However, even if a claim for punitive damages requires heightened pleading, Dr. Walker has satisfied the requirement.

The standard for an award of punitive damages in a breach of contract claim is a finding that the defendant's conduct was malicious, reckless, wanton, oppressive, or fraudulent. Rule 13-861 NMRA. In his claim for punitive damages resulting from Defendant's breach of

contract, Dr. Walker alleged facts specific enough to set forth a plausible claim for punitive damages. For example, Dr. Walker alleged that Defendant stopped payment on checks it issued and sent to him in December, 2015. Complaint, Doc. 1-1, ¶ 27. The allegation sets forth who sent the checks, the amounts, when the checks were sent, who cancelled them, and when. *Id.* Dr. Walker also alleged that he completed all paperwork the Defendant claimed entitled it to withhold his pay, yet Defendant falsely claimed that additional work needed to be completed. *Id.* at ¶¶ 28-32. Dr. Walker set forth the false statement of fact, who said it, and when Defendant said it.

Dr. Walker set forth in his complaint with specificity the facts from which it could easily be determined that Defendant's conduct was malicious, reckless, wanton, oppressive, or fraudulent. With any one of those findings, Dr. Walker would be entitled to recover punitive damages. Dr. Walker pled with particularly sufficient to satisfy Rule 9(g) facts entitling him to punitive damages for his breach of contract claim.

In Count II of his complaint, Dr. Walker requested compensatory and punitive damages for Defendant's violation of the New Mexico Unfair Trade Practices Act (the "UPA"). Punitive damages are available under the UPA if Defendant's conduct was willful, reckless, wanton, fraudulent, and/or in bad faith. 1978 NMSA, § 57-12-10(b) (1987). For the same reasons Dr. Walker pled facts sufficient to recover punitive damages for breach of contract, he sufficiently pled the facts entitling him to punitive damages under the UPA. Dr. Walker set forth facts alleging the who, what, and when required of a heightened pleading standard.

Furthermore, although Dr. Walker went above and beyond the bare minimum requirements for requesting punitive damages, the UPA only requires that Defendant's conduct be willful to entitle Dr. Walker to punitive damages. *Id.* Dr. Walker clearly alleged that

Defendant stopped payment on checks in December, 2015. Dr. Walker clearly alleged that Defendant refused to pay for services provided by Dr. Walker. Without a doubt, Dr. Walker has alleged facts with enough specificity state a plausible request for punitive damages under the UPA.

### B. Dr. Walker has made no specific claim for fraud.

Dr. Walker did not have an enumerated claim for fraud against Defendant. The only mention of fraud is when Dr. Walker alleged in his breach of contract and UPA claims that Defendant's conduct was willful, malicious, reckless, wanton, oppressive, fraudulent, and/or in bad faith. However, to the extent that the who, what, and when of a fraudulent representation is required, Dr. Walker satisfied the requirement in paragraphs 31 and 32. Doc. 1-1. ("31. On or about February 21, 2016, Dr. Walker signed and/or initialed all paper work he received from ESS and returned it to ESS. 32. ESS continues falsely to represent that Dr. Walker has failed to complete paper work and that it is entitled to withhold all of Dr. Walker's pay." *Id.*)

Defendant's argument that Dr. Walker failed to plead fraud with particularity is actually a component of its argument that Dr. Walker failed to plead punitive damages with particularity. However, Dr. Walker does not need to prove fraud to recover punitive damages. Fraud is just one of the states of mind of Defendant that, if present, entitle Dr. Walker to punitive damages. Dr. Walker alleged facts showing that Defendant's conduct could be willful, malicious, reckless, wanton, oppressive, fraudulent, and/or in bad faith. He does not need to know what Defendant's actual state of mind was. *Two Old Hippies v. Catch the Bus, LLC*, 784 F. Supp. 2d 1200, 1209 (D. NM 2011) (citing *Midgley v. Rayrock Mines, Inc.*, 374 F. Supp. 2d 1039, 1047. Dr. Walker has satisfied any heightened pleading standard required to allege his entitlement to punitive damages because of Defendant's fraudulent conduct.

### C. Dr. Walker has sufficiently pled a claim of violation of the UPA such that relief can be granted.

In determining whether Dr. Walker has stated in his complaint a claim under the New Mexico Unfair Trade Practices Act upon which relief can be granted, the court must view the allegations in the complaint in the light most favorable to Dr. Walker and draw all reasonable inferences in his favor. *Two Old Hippies*, 784 F. Supp 2d at 1206 (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006); *Hous. Auth. of Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991)). If Dr. Walker has pled enough facts to state a claim to relief that is plausible on its face, Defendant's motion must be denied. *Id.* (citing *Ridge at Red Hawk. L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007))(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 547, 570).

A violation of the UPA is "a false or misleading oral or written statement, visual description or other representation of any kind knowingly *made in connection with the sale, lease, rental or loan of goods or services* or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person . . . (emphasis added)." 1978 NMSA § 57-12-2(D) (1999). Defendant incorrectly argues that the UPA applies only when a false or misleading representation is made in connection with a defendant's sale of goods or services to the *plaintiff*. *See* Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted, Doc 5, ¶ 15. Defendant's argument is without merit.

New Mexico does not require a defendant make a misrepresentation in the course of selling a good or service to the plaintiff. *First Nat'l Bancorp, Inc. v. Alley*, 76 F. Supp. 3d 1261, 1264 (D. N.M. 2014). "). "Rather, [the NMUPA] merely requires that a misrepresentation be made in connection with the sale . . . of goods *generally*." *Id.* (internal quotations and citations omitted). The plaintiff in *First Nat'l Bancorp* was not a consumer, but rather a competitor of the defendant who sold the same goods as the defendant. *Id.* at 1262.

Here, Defendant's conduct occurred in connection with the Defendant's providing services. Defendant provided contract emergency physicians to hospitals, and Dr. Walker was one of those contract emergency physicians. In connection with providing that service, Defendant made false or misleading statements to a person: Dr. Walker. Making the misleading or deceptive representation to "any" person is enough. 1978 NMSA § 57-12-2(D) (1999). Surely, Defendant is not trying to argue that Dr. Walker is not a person.

### D. If Dr. Walker's complaint lacks particularity, the court should grant him leave to amend his complaint.

In the event the Court deems that Dr. Walker's complaint to lack sufficient particularity, the court should grant him leave to amend his complaint. "Leave to amend is freely given unless there is a showing of: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; or (5) futility of the amendment." *Myers v. Alliance for Affordable Servs.*, 371 Fed. Appx. 950, 960 (10th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

There has been no delay. This response is timely filed in response to Defendant's motion to dismiss. There is no bad faith on Dr. Walker's part. Dr. Walker filed his complaint in state court, where there would have been no issue as to the sufficiency of his pleadings. Only after

6

Defendant removed the case to this Court did Defendant raise the Rule 9 issues. There have been no past failure to cure any deficiencies. Defendant will not be prejudiced by the Court's allowance of an amendment because Defendant has yet to even file an answer to the complaint. Finally, the amended complaint will not be futile.

WHEREFORE, Plaintiff, William Walker, M.D. requests that this Court deny Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted or, alternatively, grant Plaintiff leave to file an amended complaint, and award Plaintiff his costs and attorneys' fees incurred in responding to this motion, together with such other and further relief the Court deems just and proper.

BUSINESS LAW SOUTHWEST LLC

*Electronically Filed*
*/s/ Timothy R. Mortimer*

Timothy R. Mortimer
320 Gold Ave. SW, Suite 610
Albuquerque, NM 87102
(505) 848-8581
Fax: (505) 848-8593
timothy@businesslawsw.com  (e-mail)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of October, 2016, I filed the foregoing electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Timothy R. Mortimer*