# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| WILLIAM WALKER, M.D., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 2:16-cv-1103 | |
| § | | |
| EMERGENCY STAFFING SOLUTIONS, INC., § | | |
| § | | |
| Defendant. § | | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

Defendant Emergency Staffing Solutions, Inc. ("Defendant" or "ESS") hereby files a reply in support of its Motion to Transfer Venue (the "Motion") (Dkt. # 11) and in reply to Plaintiff's Response to Defendant's Motion to Transfer Venue (the "Response") (Dkt. #12), and respectfully shows the Court the following:

### I.
### INTRODUCTION

1. Defendant's Motion provided compelling evidence and grounds for why the Court should transfer this case from the District of New Mexico to the Eastern District of Texas, Sherman Division. One of the primary grounds for transfer of the case is that the witnesses and proof are located predominately in Texas. This is supported by detailed affidavit testimony of Shonda Rupe, the COO of ESS.

2. Plaintiff filed its Response on November 14, 2016. The only evidence included in Plaintiff's Response relates to the alleged necessity to have Dr. James Malcolmson (who Plaintiff believes to be a New Mexico resident) testify at trial, thus trying to argue that it neutralizes Ms. Rupe's testimony. However, as discussed below, Plaintiff fails to establish why the testimony of Dr. Malcolmson is necessary to a just adjudication of this case.

3. Besides the sole evidence about Dr. Malcolmson, Plaintiff's Response predominately argues facts in opposition to ESS's Motion to Transfer Venue that are not supported by evidence, and for that reason, this Court need not consider such arguments.

4. Also, Plaintiff's Response includes cites to case law arising out of the district courts of New York and Puerto Rico that are not binding on this Court. Plaintiff's Response also mischaracterizes the lone Supreme Court case relied upon by Plaintiff. In sum, Plaintiff's Response lacks binding precedent to support Plaintiff's legal arguments against transfer.

## II.
### REPLY TO RESPONSE

<u>Plaintiff Incorrectly Cites the Supreme Court in Arguing Choice of Forum Should not be Disturbed</u>

5. Plaintiff's first argues that his residence in Delaware should not lessen the weight of the "choice of forum" factor in this case. Plaintiff ostensibly cites the Supreme Court for this proposition by arguing that "[a] plaintiff's choice of forum is diminished when he lives in a state different than his chosen forum only when the chosen forum is 'less reasonable.'" *See* Response at P. 2. However, the Supreme Court case cited by Plaintiff does not stand for the proposition asserted by Plaintiff that a plaintiff only show that his chosen forum is not "less reasonable" to avoid the lessened weight of the factor. The Supreme Court in *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.* states that "[w]hen the plaintiff's choice is not its home forum . . . the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" 549 U.S. 422, 430 (U.S. 2007).

6. Accordingly, Plaintiff's argument that New Mexico forum was the only reasonable choice in this case is irrelevant and does not change the fact that the "choice of forum" factor should be given significantly less force.

<u>The Response Contains No-Evidence of Plaintiff's Claim that New Mexico is More Convenient or Easier for Plaintiff</u>

7. Plaintiff's Response indicates that Plaintiff spends several days each month in New Mexico as a contract physician. The Response also states that Plaintiff intends to arrange his work schedule to accommodate the demands of the case. Notably, completely lacking from the Response is any evidence supporting these statements and the feasibility of arranging his work around the case. In fact, though there is an affidavit from Plaintiff in support of his Response, the affidavit completely lacks any reference to the above-referenced assertions.

8. Plaintiff's Response also cites law (albeit from New York) that the Court should consider the relative financial resources of the parties and determine that it would be fairer to keep the case in New Mexico. The Response attempts to support this argument by stating that Plaintiff's revenue stream stops when he leaves work to litigate this case, because he is a contract worker who only gets paid when he works. However, Plaintiff again fails to provide any evidence (such as in his affidavit) in support of these statements.

9. Accordingly, this Court should not consider the unsupported claims, such as the above, that are contained in the Response.

<u>Dr. James Malcolmson is Not a Key Fact Witness</u>

10. Plaintiff states in his Response and affidavit that Dr. James Malcolmson ("Dr. Malcolmson") is a **key fact witness** that will be called at trial. Plaintiff believes that Dr. Malcolmson is a New Mexico resident. As such, Plaintiff argues that the Court should consider the inconvenience of Dr. Malcolmson traveling to Texas and that he is the only non-party fact witness.

11. Plaintiff's Response states that Dr. Malcolmson will testify that "Dr. Walker was not physically capable of filling for another doctor who missed his shift." See Response, P. 4.

Plaintiff does not explain the necessity of the prospective testimony but it appears that Plaintiff anticipates that Dr. Malcolmson would provide: (i) factual testimony as to the number of hours worked by Plaintiff, and/or (ii) expert testimony of Plaintiff's physical state and alleged inability to provide medical services at the time in question. Whatever Plaintiff's intended purpose, Dr. Malcolmson is not a necessary witness.

12. Plaintiff is more than capable of testifying, and indeed does testify by affidavit, as to the number of hours he had worked at the time in question. Moreover, Defendant's records that are readily available in Texas, will provide yet another evidentiary source as to the number of hours worked by Plaintiff at the time in question.

13. Further, Plaintiff provides no explanation as to why expert testimony offered by Dr. Malcolmson as to Plaintiff's physical state at the time in question would be any more necessary or relevant than the prospective testimony of an expert witness based in Texas.

14. Accordingly, due to the Plaintiff's failure to demonstrate the necessity of Dr. Malcolmson as a fact witness, this Court should disregard Plaintiff's argument.

<u>Plaintiff Relies on Non-Binding Case Law for Key Arguments Throughout the Response</u>

15. Plaintiff's Response contains cites to **New York and Puerto Rico district court opinions** to support key arguments in Plaintiff's Response. Noticeably are cites to precedent binding on this Court that support the arguments made in Plaintiff's Response.

16. For example, the Response contains the following propositions of law that are unsupported by binding precedent and that are central to Plaintiff's arguments:

    a. Convenience of non-party witnesses is likely the most important factor in a court's analysis. See Response, P. 3, citing *Schnabel v. Ramsey Quantative*

*Sys.*, 322 F. Supp. 2d 505, 518 (S.D.N.Y. 2004); *Breeden v. Tricom Bus. Sys.*, 244 F. Supp. 2d 5, 10 (N.D.N.Y. 2003).

    b. Convenience of a party's employees is given little weight because that party can secure their presence at trial. See Response, P. 3, citing *Arroyo-Perez v. Demir Group Int'l*, 733 F. Supp. 2d 314, 320 (D.P.R. 2010).

    c. To shift the weight of the non-party witness factor, a party must clearly specify the non-party witnesses and detail their expected testimony. See Response, P. 3, citing *Schnabel*, 322 F. Supp. 2d at 516-517; *Breeden*, 244 F. Supp. 2d at 10-11.

    d. "A zero sum exchange of burden does not favor a transfer." See Response, P. 4, citing *S-FER Int'l, Inc. v. Paladion Partners Ltd.*, 906 F. Supp. 211, 215 (S.D.N.Y. 1995).

    e. Other courts compare the parties' respective financial means as a necessary part of the analysis. See Response, P. 5; citing *Schnabel*, 322 F. Supp. 2d at 516.

17. Defendant respectfully requests that the Court disregard these propositions of law in support of the controlling 10th Circuit case law identified in Defendant's Motion to Transfer Venue.

### III.
### REQUEST FOR RELIEF

ESS respectfully requests that this Court transfer venue of this action to the Eastern District of Texas, Sherman Division.

Respectfully submitted,

　/s/ John M. Hafen　　　　　　
John M. Hafen
Texas State Bar No. 24057879
jmh@hanshawkennedy.com
David R. Wortham, Jr.
Texas State Bar No. 24093392
drw@hanshawkennedy.com

**HANSHAW KENNEDY, LLP**
1415 Legacy Drive, Suite 350
Frisco, Texas 75034
Telephone: (972) 731-6500
Telecopier: (972) 731-6555

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 29, 2016 all counsel of record were served with a copy of the foregoing Defendant's Reply in Support of Motion to Transfer Venue by the Court's CM/ECF system per Federal Rule of Civil Procedure 5 and Local Rule 5.1

　/s/ John M. Hafen