## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILLIAM WALKER,

     Plaintiff,

v.                                     No. 16-cv-1103 SMV/GBW

EMERGENCY STAFFING
SOLUTIONS, INC.,

     Defendant.

### MEMORANDUM OPINION AND ORDER DENYING
### DEFENDANT'S MOTION TO TRANSFER VENUE

THIS MATTER is before the Court on Defendant's Motion to Transfer Venue [Doc. 11], filed October 31, 2016.  Plaintiff responded on November 14, 2016.  [Doc. 12].  Defendant replied on November 29, 2016.  [Doc. 13].  The Court heard oral argument on the motion on January 12, 2017.  [Doc. 15].  Having considered the record, briefing, oral argument, and relevant law, and being otherwise fully advised in the premises, the Court finds that Defendant's Motion to Transfer Venue is not well-taken and will be DENIED without prejudice.

### Background

Plaintiff filed this action in state court on September 2, 2016, alleging breach of contract, unjust enrichment and quantum meruit, and violation of the New Mexico Unfair Trade Practices Act ("UPA").  [Doc. 1-1] at 5–7.  Plaintiff is a resident of Delaware.  *Id.* at 1.  Defendant is a Texas corporation with its principal place of business in Collin County, Texas.  [Doc. 11] at 2. Defendant removed the action to this District on October 5, 2016.  [Doc. 1].

In July 2014, the parties entered into a contract under which Plaintiff agreed to render his services as a physician at facilities with which Defendant contracted to provide medical staffing. [Doc. 1-1] at 2.  The claims in this case stem from Plaintiff's provision of services at Sierra Vista Hospital in Truth or Consequences, New Mexico, in December 2015 and January 2016.  *Id.* Plaintiff alleges the following:  (1) Defendant failed to secure his flight reservations, causing him to miss scheduled shifts at the hospital from December 24–25, 2016, and to lose money he would have earned had he been able to perform those shifts; (2) Defendant terminated his contract unjustly and without providing the 90-day notice required by the contract, in January 2016, because Plaintiff declined to perform an additional, unscheduled shift at the hospital after he had worked 60 of the previous 72 hours; (3) Defendant stopped payment on two checks and otherwise refused to pay Plaintiff for work he performed in December 2015 and January 2016 on the grounds that he had failed to complete patient charts; and (4) Defendant continues to refuse to pay Plaintiff even after he completed all the patient charts.  *See id.* at 2–5.

Defendant requests that the Court transfer venue from the District of New Mexico to the Eastern District of Texas, Sherman Division.  [Doc. 11] at 1.  Defendant asserts (and Plaintiff concedes) that venue would be proper in the Eastern District of Texas.  *Id.* at 2; [Doc. 12] at 1–2. Defendant further argues that the competing equities weigh in favor of transfer.  [Doc. 11] at 3– 6.  Specifically, it asserts that Plaintiff's choice of forum should not be given great weight; witnesses and documentation are located predominately in the Eastern District of Texas; the costs of litigation would be greater in the District of New Mexico; and the Eastern District of

Texas has the less congested docket.  *Id.*  Plaintiff contends that Defendant has failed to establish that the interests of convenience and justice warrant transfer.  [Doc. 12] at 2.

## Motions to Transfer Venue

A court may transfer venue pursuant to 28 U.S.C. § 1404(a).  That statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  § 1404(a).

The Tenth Circuit has recognized that § 1404(a) provides district courts with discretion to decide motions to transfer "according to an individualized, case-by-case consideration of convenience and fairness."  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal quotation marks omitted).  The Tenth Circuit has set out a number of discretionary factors for courts to weigh in adjudicating motions to transfer:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and [9] all other considerations of a practical nature that make a trial easy, expeditious[,] and economical.

*Id.* (internal quotation marks omitted).  The moving party bears the burden of establishing that the existing forum is inconvenient and justice would be better served in the alternative forum. *Id.* at 1515.  "Merely shifting the inconvenience from one side to the other . . . is not a

permissible justification for a change of venue." *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

## Analysis

### Venue would be proper in the Eastern District of Texas.

As an initial matter, Defendant asserts, and Plaintiff concedes, that this action could have been brought in the Eastern District of Texas. [Doc. 11] at 2–3; [Doc. 12] at 1–2. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)–(2). A defendant entity, such as a corporation, is deemed for purposes of venue to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). Defendant is a Texas entity with its principal place of business in Collin County, Texas, which is in the Eastern District of Texas. [Doc. 11] at 2. As such, there is no question that the Eastern District of Texas would have personal jurisdiction over Defendant, and Defendant is deemed to reside in the Eastern District of Texas. Furthermore, most or all of Defendant's dealings with Plaintiff were conducted via telephone or email with Defendant's employees stationed at its Collin County, Texas, office. Therefore, a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas. *See id.* at 3. Under § 1391(b), venue would be proper in the Eastern District of Texas.

**Defendant has failed to meet its burden to show that a transfer of venue
to the Eastern District of Texas is warranted.**

On consideration of the relevant factors set out by the Tenth Circuit, the Court finds that Defendant has failed to establish that the interests of convenience and justice warrant transfer of this case to the Eastern District of Texas.

<u>Plaintiff's Choice of Forum</u>

In general, the plaintiff's choice of forum weighs heavily against a transfer of venue. *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167–68 (10th Cir. 2010). "'[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed.'" *Id.* at 1167 (alterations in original) (quoting *Scheidt*, 956 F.2d at 965). However, this presumption of the reasonableness of the plaintiff's chosen forum is weakened where the plaintiff is not a resident of the chosen venue. *Id.* at 1168; *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). Likewise, a plaintiff's choice of venue is entitled to less deference "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Bartile*, 618 F.3d at 1168 (internal quotation marks omitted). "[I]n determining what events or omissions give rise to a claim, the focus [is] on relevant activities of the defendant, not of the plaintiff." *Goff v. Hackett Stone Co.*, 1999 WL 397409, at *1 (10th Cir. June 17, 1999) (unpublished) (second alteration in original) (internal quotation marks omitted).

As Defendant points out, New Mexico is not Plaintiff's home forum: he is a resident of Delaware. [Doc. 11] at 4. Defendant argues further that Plaintiff's only ties to New Mexico are that he served as a physician at a hospital there, in carrying out his contractual duties to

5

Defendant. *Id.* At oral argument, Defendant further contended that the alleged loss occurred either in Delaware or Texas. The loss, Defendant asserted, occurred *after* Plaintiff rendered his services. At the time of the alleged loss—the time at which Defendant allegedly was obligated to pay Plaintiff and failed to do so—Defendant was in Texas and Plaintiff was in Delaware.

Plaintiff does not dispute that New Mexico is not his home forum. Nevertheless, Plaintiff argues that this factor should weigh in his favor because "[t]here was nothing unreasonable" about his selection of this District. [Doc. 12] at 3. He asserts that he could not have brought suit in his home forum because Delaware does not have jurisdiction over Defendant. *Id.* He further notes that he continues to spend several days each month working as a contract physician at a New Mexico hospital. *Id.* Finally, he argues that "[a]ll of the events giving rise to his claim" occurred in New Mexico. *Id.* At oral argument, Plaintiff contended that the loss occurred either in New Mexico, where he worked and where he was terminated, or Delaware, where he resides.

Plaintiff's choice of forum is afforded reduced weight in this case, and this factor therefore weighs less heavily against transfer. First, New Mexico is not Plaintiff's home forum. Second, the facts giving rise to the lawsuit—specifically the allegedly wrongful activities of Defendant—do not bear a "significant connection" to New Mexico. The parties agree that the contract was negotiated and entered into via mail, email, and telephone, where Defendant operated in Texas and Plaintiff in Delaware. Defendant continued to operate from its Collin County, Texas, office at all relevant times thereafter, i.e., when it terminated the contract, made the decision not to pay Plaintiff, and represented that Plaintiff had outstanding paperwork to complete. To be sure, Plaintiff's choice of forum was not random. Defendant contracted with a

6

hospital in New Mexico to provide staffing, Plaintiff performed the contract in question by providing services at the New Mexico hospital, and Plaintiff presently maintains some ties with New Mexico.  Still, particularly in focusing on the allegedly wrongful activities of Defendant, the operative facts in the breach-of-contract dispute occurred in Texas, not New Mexico. Plaintiff's choice of forum, therefore, does not weigh heavily against transfer in this case.

<u>Accessibility of Witnesses and Other Sources of Proof</u>

"The convenience of witnesses is the most important factor in deciding" a motion to transfer venue.  *Bartile*, 618 F.3d at 1169 (internal quotation marks omitted).  The Tenth Circuit has held that a party moving to transfer venue must make specific showings in order to "demonstrate inconvenience" with respect to witnesses.  *Id.*  The movant must "(1) identify the witnesses and their locations; (2) indicate the quality or materiality of the[ir] testimony; and (3) show[ ] that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary." *Id.* (alterations in original) (internal quotation marks omitted).  It is not enough for the moving party merely to offer "a general allegation that necessary witnesses are located in the transferee forum."  *Id.* (internal quotation marks omitted).

In its briefing, Defendant alleged only that "ESS and all of its officers and employees that are relevant to this case are located in Texas."  [Doc. 11] at 5.  At oral argument, Defendant added that at this stage it had identified two of Defendant's employees (based in its Texas office) and one employee of the billing company with which Defendant contracts (based in Oklahoma), whom it expects will serve as witnesses at trial.  Plaintiff has identified one witness, the chief of

7

staff at the New Mexico hospital where Plaintiff worked.  [Doc. 12] at 3–4.  This witness will testify that Plaintiff was incapable of completing an additional unscheduled shift as requested by Defendant, given the number of hours he had worked over the three previous days.  *Id.* at 4.  This testimony goes to Plaintiff's claim that Defendant unjustly terminated the contract.  *See id.*

Defendant has not made a showing sufficient to tip this factor in its favor.  Defendant fails to articulate the substance of the testimony of its anticipated employee witnesses.  Nor has Defendant suggested that these witnesses would be unwilling to come to trial in New Mexico. Indeed, as their employer, it likely will be easy for Defendant to secure their presence at trial. *See Amwest Sur. Ins. Co. v. Guarantee Elec. Constr. Co.*, 2000 WL 1310512, at *4 (D. Kan. Aug. 21, 2000) (unpublished) (noting that the distinction between party witnesses and non-party witnesses "is a crucial one" because "party witnesses are presumptively under the control of the party desirous of presenting their testimony").

Furthermore, Defendant's argument that Plaintiff has "fail[ed] to establish why the testimony of [the chief of staff] is necessary to a just adjudication of this case" is without merit. *See* [Doc. 13] at 1.  Defendant suggests that if Plaintiff intends to call this witness as an expert, Plaintiff easily could obtain an expert from the Eastern District of Texas instead; and, to the extent Plaintiff intends to call him as a fact witness, Defendant asserts that Plaintiff has failed to show why his testimony is necessary.  [Doc. 13] at 1, 3–4.  Defendant misstates the relevant standard.   The non-moving party need not establish that the witnesses it identifies are "necessary" to its case.  Rather, the party moving for transfer must identify its own witnesses and describe the materiality of their anticipated testimony, demonstrating that the original forum is

8

inconvenient, on balance, in a consideration of the accessibility of all witnesses.  *See Bartile*, 618 F.3d at 1169.  Nor does Defendant cite any authority for the proposition that the location of an expert witness should be accorded less consideration than that of a fact witness.  Defendant has failed to show, at this juncture, that the current forum would so inconvenience the witnesses identified that transfer of venue is warranted.

Cost of Making the Necessary Proof

Closely related to the accessibility of witnesses, courts are instructed to weigh the cost of making the necessary proof.  *Id.*  Where "the record contains no evidence concerning the potential costs of litigating the case" in the transferee forum, this factor does not justify transfer. *Id.*  Defendant asserts that all or almost all witnesses in this case are located outside of New Mexico and will have to travel to testify in this case, causing Defendant to incur significant costs.  [Doc. 11] at 5–6.  Again, however, Defendant has offered little evidence to show that transferring the forum would do anything other than shift the costs from Defendant to Plaintiff. *See Scheidt*, 956 F.2d at 966.  Defendant contends that transferring venue to the Eastern District of Texas would not increase costs for Plaintiff himself, who resides in Delaware and will have to travel cross-country irrespective of whether venue is transferred.  [Doc. 11] at 5.  Plaintiff, however, counters that he continues to work several days each month in New Mexico and hopes to align his work schedule with the litigation.  [Doc. 12] at 4.  Thus, Plaintiff maintains, transferring venue would merely shift costs from Defendant to Plaintiff.  This factor does not weigh in favor of either party.

9

### Difficulties that May Arise from Congested Dockets

The Tenth Circuit instructs courts to consider, when evaluating the relative congestion of the original forum and the transferee forum, "the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge" in each district. *Bartile*, 618 F.3d at 1169.  Plaintiff and Defendant rely on different statistics purporting to show that their preferred forum has the less congested docket.  [Doc. 11] at 6 (Defendant asserting that the five-year averages of the median time from filing to disposition and filing to trial show that the Eastern District of Texas has the less congested docket); [Doc. 12] at 5–6 (Plaintiff arguing that the number of civil filings per judgeship and percentage of civil cases lasting for longer than three years indicate that the District of New Mexico has the less congested docket).  According to the statistics specifically identified by the Tenth Circuit in *Bartile*, the Eastern District of Texas has the more congested docket by most, though not all, measures over the past two years.[1]  If anything, this factor weighs slightly against transfer.

### Conflict of Laws

In general, in a diversity action, courts "prefer the action to be adjudicated by a court sitting in the state that provides the governing substantive law."  *Bartile*, 618 F.3d at 1169.  However, this factor applies with less force when the case involves simple legal issues (such as breach of contract).  *Id.* (citing *Scheidt*, 956 F.2d at 966).  Furthermore, "federal judges are qualified to apply state law."  *Id.*  At oral argument, the parties agreed that New Mexico law governs Plaintiff's claims.  If anything, this factor weighs slightly against transfer.

---

[1] *See* Administrative Office of the U.S. Courts, U.S. District Courts—Combined Civil and Criminal Federal Court Management                                Statistics                                (2016), http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2016.pdf.

<u>Advantage of Having a Local Court Determine Questions of Local Law</u>

Related to the choice-of-law factor, "[w]hen the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale." *Id.* at 1170. Plaintiff asserts that his claim under the UPA, a New Mexico statute, is unique to New Mexico and therefore should be decided in this District. [Doc. 12] at 4–5. This factor weighs slightly against transfer.

<u>Remaining Factors</u>

The remaining factors are not relevant or otherwise do not compel transfer of this case to the Eastern District of Texas. Neither party alleges any concern as to the enforceability of a judgment or obstacle to obtaining a fair trial. *See Chrysler Credit*, 928 F.2d at 1516. Finally, Plaintiff asserts that the parties' respective financial resources should be considered by the Court. [Doc. 12] at 5. Plaintiff is a contract physician whose income depends directly on the number of hours he works, as compared with Defendant, a multi-state corporation. *Id.*

<u>**Conclusion**</u>

Defendant has failed to meet its burden to show that the District of New Mexico is an inconvenient forum and that the interests of convenience and justice would be better served by transfer to the Eastern District of Texas. However, the Court recognizes that in the course of discovery, Defendant may identify, more concretely, additional witnesses, exhibits, and other

sources of proof within the Eastern District of Texas that would alter the foregoing analysis. Therefore, the Court will deny Defendant's motion without prejudice.[2]

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Transfer [Doc. 11] is DENIED without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[2] There is no judicially imposed deadline by which a motion to transfer must be made. *See Chrysler Credit*, 928 F.2d at 1516 ("An action may be transferred under § 1404(a) at any time during the pendency of the case, even after judgment has been entered.").