# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| WILLIAM WALKER, M.D., | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 2:16-cv-1103 |
| EMERGENCY STAFFING SOLUTIONS, INC., | § § § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT AND ORIGINAL COUNTERCLAIM

Defendant Emergency Staffing Solutions, Inc. ("Defendant" or "ESS") hereby files its Original Answer and Original Counterclaim pursuant to Federal Rules of Civil Procedure 12(a)(4) and 13(a)(1) and respectfully shows the Court the following:

### I.
### ORIGINAL ANSWER

ESS hereby responds to the allegations set forth in Plaintiff's Complaint with each numbered paragraph corresponding to the paragraphs set forth in Plaintiff's Complaint. ESS does not respond to paragraphs 39 through 53 in Plaintiff's Complaint because those paragraphs relate to claims dismissed by the Court in its Memorandum Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Doc. #17).

1.  ESS lacks knowledge or information sufficient to form a belief about the state of Plaintiff's residency. ESS admits that rendered services in Sierra County, New Mexico on certain

days related to Plaintiff's claim but denies that Plaintiff worked in Sierra County, New Mexico at all relevant times.

2. ESS admits the allegations in paragraph 2.

3. ESS admits that Plaintiff was an independent contractor for ESS and rendered services in Sierra County, New Mexico. ESS denies the remainder of the allegations in paragraph 3.

4. ESS admits the allegations in paragraph 4.

5. ESS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. ESS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. ESS admits the allegations in paragraph 7.

8. ESS admits the allegations in paragraph 8.

9. ESS admits the allegations in paragraph 9.

10. ESS admits that Plaintiff was scheduled to provide services at Sierra Vista Hospital on certain dates in December of 2015 and January of 2016. ESS denies the remainder of the allegations in paragraph 10.

11. ESS denies the allegations in paragraph 11.

12. ESS presently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. ESS presently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14. ESS lacks knowledge or information sufficient to form a belief about the truth of paragraph 14.

15. ESS denies the allegation that ESS failed to secure reservations or caused Dr. Walker to miss his shift on December 24, 2015. ESS presently lacks knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 15.

16. ESS presently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17. ESS presently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18. ESS denies the allegation that any failure of ESS caused Dr. Walker to miss a shift. ESS presently lacks knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 18.

19. ESS denies the allegations in paragraph 19.

20. There is no paragraph 20 in Plaintiff's Complaint.

21. ESS presently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. ESS presently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. ESS lacks knowledge or information sufficient to form a belief about the truth of paragraph 23.

24. ESS denies the allegations in paragraph 24.

25. ESS denies the allegations in paragraph 25.

26. ESS lacks knowledge or information sufficient to form a belief about when and how Plaintiff received the referenced checks. ESS admits that, prior to learning of Plaintiff's breach of the Physician Agreement, ESS issued checks in the amount of $18,725.00 and $1,075.00 and subsequently stopped payment on the checks.

27. ESS lacks knowledge or information sufficient to form a belief about whether Plaintiff attempted to deposit the check. ESS admits that it stopped payment on checks issued to Plaintiff.

28. ESS admits that it stopped payment on checks issued to Plaintiff due to Plaintiff's failure to fulfill his contractual obligations and pursuant to Section 2 of the Agreement. ESS denies all other allegations in paragraph 28.

29. ESS admits that it delivered outstanding paperwork to Plaintiff that Plaintiff was contractually obligated to Complete. Plaintiff denies that Plaintiff completed all of the paperwork. ESS admits that it refused to pay Plaintiff due to Plaintiff's failure to fulfill his contractual obligations and pursuant to Section 2 of the Agreement. ESS denies all other allegations in paragraph 29.

30. ESS admits that Plaintiff refused to perform his contractual obligations prior to receiving payment. ESS denies all other allegations in paragraph 30.

31. ESS denies the allegations in paragraph 31.

32. ESS denies the allegations in paragraph 32.

33. ESS incorporates herein its responses to the referenced paragraphs.

34. ESS admits the allegation in paragraph 34.

35. ESS denies the allegations in paragraph 35.

36. ESS denies the allegations in paragraph 36.

37. ESS denies the allegations in paragraph 37.

38. ESS denies the allegations in paragraph 38.

39. Plaintiff's claims should be denied in whole or in part based on the doctrines of estoppel, laches, waiver, consent and unclean hands.

40. Plaintiff's claims should be denied in whole or in part due to Plaintiff's anticipatory breach of the Agreement.

41. Plaintiff's claims should be denied in whole or in part due to a failure of consideration.

42. Plaintiff's claims should be denied in whole or in part because Plaintiff voluntarily terminated the Agreement.

43. Plaintiff's claims should be denied in whole or in part due to Plaintiff's failure to mitigate his damages.

44. Plaintiff's claims should be denied in whole or in part because of Plaintiff's failure to satisfy all conditions precedent.

ESS denies that Plaintiff is entitled to the relief sought in the final paragraph.

# II.
## ORIGINAL COUNTERCLAIM

**PARTIES**

1. Counter-Plaintiff ESS has already appeared in this case through its counsel of record.

2. Counter-Defendant William Walker, M.D. ("Walker") has already appeared in this case through his counsel of record.

**JURISDICTION**

3. This Court has supplemental jurisdiction of this action pursuant to 28 U.S.C. § 1367(a) because this claim relates to claims already pending before the Court over which the Court has original jurisdiction.

**FACTUAL ALLEGATIONS**

4. ESS specializes in the business of contracting with hospitals to provide, among other things, physician staffing services to rural hospitals.

5. In order to provide physician staffing services to its hospital clients, ESS routinely enters into independent contractor agreements with physicians.

6. In or about July of 2014, ESS entered into an independent contractor agreement with Walker (the "Agreement").

7. As part of his duties and responsibilities under the Agreement, Walker was required to complete patient medical charts, linkage paperwork and related documentation associated with Walker's provision of services under the Agreement (collectively the "Charts"). The Charts were

to be completed in a timely manner, generally on the date the services were rendered or soon thereafter.

8. The completion of the Charts is crucial to ESS's operation and ability to make a profit. ESS cannot bill for and collect revenue for the services rendered without completed Charts and ESS operates at a significant loss if it does not generate revenue through the billing and collection of services rendered.

9. To offset potential losses resulting from incomplete charts, the Agreement states that ESS "shall have the right to deduct the amount equal to unbilled patient charges from Physician's compensation."

10. After issuing two checks to Walker for services rendered, ESS learned of a significant number of incomplete Charts that Walker failed to complete for services he rendered. The incomplete Charts represented significant unbilled patient charges, for in excess of any amount owed by ESS to Walker for services rendered.

11. Due to the incomplete charts, ESS stopped payment on the checks issued to Walker.

12. The Agreement also contains a provision that provides that Walker "shall pay any and all costs and expenses that may result from, in any manner whatsoever, the performance of such services."

13. ESS has incurred significant costs resulting from Walker's provision of services and Walker has failed to reimburse ESS for the costs incurred. These costs include travel and lodging costs and costs related to the incomplete Charts.

14. The Agreement also contains an indemnification provision that provides in relevant part that Walker "agrees to indemnify and hold [ESS] harmless from any and all loss, expense, claim, lawsuit cost, damage or liability of whatsoever nature arising out of the performance of services…by [Walker]." The provision contemplates losses, expenses and costs "arising out of or related to [Walker's] performance or failure to perform" under the Agreement.

15. ESS has incurred significant costs and expenses arising out of Walker's failure to perform under the Agreement. These costs and expenses include travel and lodging costs, costs related to the incomplete Charts, litigation costs and attorney fees.

16. ESS now brings this counterclaim and seeks monetary damages resulting from Walker's breach of the Agreement.

**CAUSES OF ACTION/REMEDIES**

**Count 1:** **Breach of Contract**

17. ESS hereby incorporates the allegations contained in paragraphs 1-16 as if restated in full herein.

18. ESS and Walker entered into an Agreement whereby Walker agreed to complete Charts associated with professional services rendered under the Agreement.

19. Walker has failed to complete the necessary Charts as required by the Agreement.

20. Walker also agreed to pay for all costs and expenses resulting from his performance of services under the Agreement.

21. Walker has failed to pay for or reimburse ESS for costs and expenses as required by the Agreement.

22. Finally, Walker agreed to indemnify ESS from any costs and expenses arising out of Walker's failure to perform under the Agreement.

23. Walker has failed to indemnify ESS for costs and expenses incurred, and that ESS continues to incur, as required by the Agreement.

24. As a result of Walker's failures, as set forth above, ESS has incurred significant monetary damages, including lost profits.

**Count 2:    Attorney Fees**

25. ESS hereby incorporates the allegations contained in paragraphs 1-24 as if restated in full herein.

26. As a result of the allegations set forth above, ESS has been forced to retain legal counsel to represent it in this matter and has agreed to pay its counsel reasonable and necessary attorney fees.

27. Accordingly, pursuant to Section 4 of the Agreement, ESS requests that upon final adjudication of this matter, it be awarded its reasonable and necessary attorney fees and costs in this action.

## III.
### REQUEST FOR RELIEF

WHEREFORE, Defendant / Counter-Plaintiff Emergency Staffing Solutions, Inc. respectfully requests that the Court render judgment dismissing Plaintiff's claims against Emergency Staffing Solutions, Inc. with prejudice, and enter a judgment in favor of Emergency Staffing Solutions, Inc. against Walker for the following relief:

(A) Monetary damages in an amount to be determined at trial;

(B) All reasonable and necessary attorney fees and costs of court;

(C) Any and all costs and reasonable attorney fees incurred in any and all related appeals and collateral actions, if any;

(D) Pre-judgment and post-judgment interest; and

(E) Such other and further relief to which this Court deems that Emergency Staffing Solutions, Inc. is justly entitled.

Respectfully submitted,


__/s/ John M. Hafen_____
John M. Hafen
Texas State Bar No. 24057879
jmh@hanshawkennedy.com
David R. Wortham, Jr.
Texas State Bar No. 24093392
drw@hanshawkennedy.com

**HANSHAW KENNEDY, LLP**
1415 Legacy Drive, Suite 350
Frisco, Texas 75034
Telephone: (972) 731-6500
Telecopier: (972) 731-6555

**ATTORNEYS FOR EMERGENCY STAFFING SOLUTIONS, INC.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 16, 2017, all counsel of record were served with a copy of the foregoing Defendant's Original Answer to Plaintiff's Complaint and Original Counterclaim by the Court's CM/ECF system per Federal Rule of Civil Procedure 5 and Local Rule 5.1

/s/ John M. Hafen